**Maryam AYAZI, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**Docket No. 04–5969.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

On submission (Maryam Ayasi, Elmhurst, NY), for Appellant, pro se.

On submission (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Kathleen A. Mahoney, Michael J. Goldberger, Assistant United States Attorneys, Brooklyn, NY), for Appellee.

PRESENT: WINTER, JACOBS, Circuit Judges, and GLEESON,* District Judge.

## SUMMARY ORDER

Maryam Ayazi appeals a July 23, 2004 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*) dismissing Ayazi's *pro se* complaint, which alleged that the Commissioner of Social Security improperly terminated Ayazi's Social Security Disability Insurance ("SSDI") benefits. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Where a SSDI beneficiary is engaged in "substantial gainful activity," for certain periods of time, the Commissioner will discontinue SSDI benefits. 20 C.F.R. § 404.1594(d). In a written decision, dated April 26, 2001, an administrative law judge ("ALJ") affirmed the Commissioner's termination of Ayazi's SSDI benefits on the ground that Ayazi "ha[d] been performing substantial gainful activity since November 1997." After a review of Ayazi's earnings records, the ALJ concluded that: (i) Ayazi's earnings were presumptively gainful, *see* 20 C.F.R. § 404.1574(b); and (ii) Ayazi's work as a teacher showed that she was "able to perform significant mental activities in her job using experience and skills," *see* 20 C.F.R. § 404.1573(a).

"In reviewing the denial of [Social Security] benefits by the [Commissioner], our focus is not so much on the district court's ruling as it is on the administrative ruling. It is not our function to determine *de novo* whether [a plaintiff] is disabled. Rather, we set aside [an] ALJ's decision only where it is based upon legal error or is not

supported by substantial evidence." *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999) (internal quotations omitted) (alterations in original). The ALJ's determination was supported by substantial evidence.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.